UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GIRARDEAU GANTT,

    Plaintiff,

vs.                                                     Case No. 8:13-cv-24-T-27TBM

GOVERNMENT EMPLOYEE'S
INSURANCE COMPANY d/b/a
GEICO,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Defendant's Motion for Summary Judgment (Dkt. 31). Plaintiff has not responded and the time in which to do so has passed.[1] Therefore, the Motion is deemed unopposed. Upon consideration, the Motion (Dkt. 31) is GRANTED.

**I.    BACKGROUND**

Plaintiff brings this race discrimination action for an alleged violation of Title VII arising out of Defendant's failures to promote him to the position of Telephone Claims Representative II.[2] Defendant moves for summary judgment on Plaintiff's claim contending Plaintiff fails to establish a *prima facie* case of discrimination, and that it had a legitimate non-discriminatory reason for its challenged employment decisions which Plaintiff fails to rebut.

Plaintiff, an African American, has been employed by Defendant since January 2005

---

[1] By Order dated April 7, 2014, *pro se* Plaintiff was advised of the requirements of Federal Rule of Civil Procedure 56 and given until April 25, 2014 to file a response (Dkt. 33).

[2] According to Defendant, the proper Defendant is GEICO General Insurance Company as Plaintiff's employer, not Government Employees Insurance Company (Dkt. 31 at 1 n.1).

1

(Girardeau Gantt Dep., Jan. 24, 2014, Dkt. 32-1 at 46:21-25; Barbara Hodge Aff. , ¶ 4). He was hired as a Service Representative I, and promoted to Telephone Claims Representative I ("TCR I") in June 2008 (Gantt Dep. at 72:6-12, Ex. 11; Hodge Aff., ¶ 4). In May 2013, Plaintiff was promoted to TCR II and in January 2014, he was promoted to the position of Continuing Unit Examiner (Hodge Aff., ¶ 12).

Prior to his promotions in 2013 and 2014, Plaintiff applied for a promotion to TCR II six times in response to the following job postings: August 7, 2009, October 23, 2009, January 6, 2010, April 12, 2010, June 30, 2010, and August 14, 2012 (*see* Hodge Aff., ¶¶ 5-10).[3] Each time, with the exception of his sixth application, the individuals promoted had higher performance ratings than Plaintiff (*see id.*). The sixth time, only one person was promoted, and although Plaintiff scored higher on one of the two performance scores than the individual promoted, he also had a warning in his file from June 2012 for a violation of company policy (*id.*, ¶ 11; Rita Collier Aff., ¶ 10). Plaintiff was not the only individual dropped lower in the rankings due to a warning (*id.*). The interviewing supervisors also stated reasons for not promoting Plaintiff the sixth time, including that they would like to see him continue pursuing his degree, that there was concern regarding his dependability, and that he had a warning in his file from June 2012 (Brandi Burgess Aff., ¶ 4). Each time either Rita Collier, John Walsh, or Nicole Smith were the hiring managers (*id.*). Defendant has detailed procedures that govern the posting, application, interviewing, ranking, and selection process for the TCR II position (*see* Collier Aff., ¶¶ 4-8 (explaining procedures)).

Plaintiff claims he was not promoted to TCR II in these instances because of his race.

---

[3] There were ten other TCR II postings between August 26, 2010 and May 15, 2012 that Plaintiff did not apply for (Hodge Aff., ¶ 10).

2

According to Plaintiff, Jeremy House, a Telephone Claims Representative I Supervisor, either told him that "unless [he] cut off [his] dreadlocks [he] would not receive another promotion within this company" or "if he ever wanted to be promoted in the company again to cut [his] hair off and then we . . . will think about it" (Gantt Dep. at 14:25-15:2, 121:25-122:17). House also allegedly asked Plaintiff when he was going to cut his hair off and stated that Plaintiff's "kind wouldn't make it in the company looking like street thugs" (*id.* at 122:3-5, 130, Ex. 3, No. 7). House, however, was never Plaintiff's direct supervisor, was not a decision-maker in the TCR II promotion decisions or a hiring manager for any of the TCR II positions Plaintiff applied for, did not interview applications for the TCR II positions, and was not included in the meetings during which applicants were ranked for TCR II promotions (Collier Aff., ¶ 9).

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on December 9, 2010 and received a Notice of Right to Sue on September 4, 2012 (Gantt Dep. at 138:18-20, Ex. 24). On January 2, 2013, Plaintiff filed this action, alleging that Defendant did not promote him because of his race, and instead promoted less qualified, non-African American individuals and gave Plaintiff false reasons for not promoting him (Dkt. 1).

## II.  STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine factual dispute exists only if a reasonable fact-finder 'could find by a preponderance of the evidence that the [non-movant] is entitled to a verdict.'" *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1300 (11th Cir. 2012) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). A fact is material if it may affect the outcome of the suit under the governing law. *Allen v. Tyson Foods, Inc.*, 121 F.3d

642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine disputes of material fact that should be decided at trial. *Hickson Corp. v. N. Crossarm Co., Inc.*, 357 F.3d 1256, 1260 (11th Cir. 2004) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party fails to demonstrate the absence of a genuine dispute, the motion should be denied. *Kernel Records*, 694 F.3d at 1300 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 606-08 (11th Cir. 1991)).

If the motion for summary judgment is unopposed, the movant still bears the burden of satisfying the Rule 56(a) requirements. *U.S. v. $688,670.42 Seized from Regions Bank Account No. XXXXXX5028*, 449 Fed. App'x. 871, 873 (11th Cir. 2011). "The district court need not sua sponte review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials." *U.S. v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). At the least, however, "the district court must review all of the evidentiary materials submitted in support of the motion for summary judgment." *Id.* at 1101-02 (citing *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989) *(per curiam)*).

### III. DISCUSSION

Plaintiff claims that despite being qualified for the TCR II position, he was not promoted because of his race. Plaintiff claims that the reasons he was provided as to why he was not promoted were false, that Collier has a "record" of treating whites more favorably, and that he was more qualified than individuals outside his protected class that were promoted. Plaintiff has not responded to Defendant's Motion or provided any evidence to create a genuine issue of material fact with

respect to his *prima facie* case, Defendant's proffered non-discriminatory reasons for not promoting him, or pretext.

A plaintiff may show an employer's failure to promote was discriminatory through either direct or circumstantial evidence. *Giles v. BellSouth Telecommunications, Inc.*, 542 Fed. App'x 756, 759-60 (11th Cir. 2013) (citing *E.E.O.C. v. Joe's Stone Crab, Inc.*, 220 F.3d 1263, 1286 (11th Cir.2000)). Absent direct evidence of discrimination,[4] the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), applies. *Joe's Stone Crab, Inc.*, 220 F.3d at 1286 (applying *McDonnell Douglas* framework to Title VII claim). Under the framework, a plaintiff must first establish a *prima facie* case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. If the plaintiff establishes a *prima facie* case, the burden of production shifts to the defendant to offer a legitimate, nondiscriminatory reason for the adverse employment action. *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010). If the defendant meets this burden of production, the burden shifts back to the plaintiff to show that the stated reason is a mere pretext for unlawful discrimination. *Id.*

To establish a *prima facie* case of discrimination Plaintiff must show that: (1) he belongs to a protected class, (2) he both applied and was qualified for a promotion, (3) he was rejected despite his qualifications, and (4) other equally or less-qualified employees outside his class were promoted. *Giles*, 542 Fed. App'x at 759-60 (citing *Brown v. Ala. Dept. of Transp.*, 597 F.3d 1160, 1174 (11th Cir.2010)). When "'an employer has a formal system of posting vacancies and allowing employees

---

[4] Plaintiff has not offered direct evidence of discrimination, nor can any be discerned from the record. House's alleged statements regarding Plaintiff's hair are not direct evidence of discrimination. They neither directly reference Plaintiff's race, nor are they attributable to a specific employment decision. There is also no evidence as to when these statement were made. Moreover, Plaintiff admits that Caucasians can also wear dreadlocks (Gantt Dep. at 39:8-19).

to apply for such vacancies, an employee who fails to apply for a particular position cannot establish a *prima facie* case of discriminatory failure to promote.'" *Id.* (quoting *Williams v. Giant Food Inc.*, 370 F.3d 423, 430 (4th Cir. 2004)). Because Plaintiff fails to present evidence that other equally or less-qualified employees outside his protected class were promoted above him, his *prima facie* case falls short.

### A. Plaintiff's *Prima Facie* Case

Defendant does not dispute the first two elements: that Plaintiff is a member of a protected class or that he met the minimum qualifications for the TCR II positions he applied for (Dkt. 31 at 12). Defendant asserts that (1) Plaintiff cannot identify the specific promotion decisions he is challenging and (2) even if he could, he cannot show that other equally or less-qualified employees outside his protected class were promoted above him.

#### i. Any claims of discrimination based on Defendant's promotion decisions before February 13, 2010 are time-barred

Plaintiff does not specify which of the six promotion decisions underlie his claims, or if he contends they all do. Because Plaintiff filed his EEOC charge on December 9, 2010, any discriminatory act he complained of must have occurred within 300 days, or on or after February 13, 2010, to be timely. *See Brooks*, 2014 WL 480382, at *2 (citing *Joe's Stone Crabs*, 296 F.3d at 1271). The promotion denials related to the August 7, 2009, October 23, 2009, and January 6, 2010 postings occurred before this date and are time-barred (*see* Hodge Aff., ¶ 5-7).[5] Thus, only the April

---

[5] "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Watson v. Alabama Farmers Coop., Inc.*, 323 Fed. App'x 726, 728 (11th Cir. 2009) (citation and quotation omitted).

12, 2010 and June 30, 2010 promotion decisions are timely.[6]

> ii. *Plaintiff has not shown that equally or less-qualified employees were promoted*

During his deposition, Plaintiff was unable to point to a specific promotion decision that he claims was discriminatory. He did not know how many times he applied for the TCR II position, or when he applied (*see* Gantt Dep. at 84:10-85:16, 91:12-17). He did not know why other individuals were promoted over him and did know whether their promotions came from a posting he applied for (*see id.* at 114:18-121:19). Conversely, Defendant has presented evidence that the individuals promoted over Plaintiff in each subject instance were ranked higher than Plaintiff in the hiring matrix. In sum, there is no evidence, and thus, no genuine issue of material fact, that equally or less-qualified employees were promoted over Plaintiff that were outside his protected class.

### B. Defendant has proffered a legitimate non-discriminatory reason for its employment decisions

Assuming *arguendo* Plaintiff could establish a *prima facie* case, Defendant has proffered a legitimate, non-discriminatory reason for its promotion decisions. Defendant proffers that it selected those candidates for each TCR II promotion that it believed were the best qualified candidates (Collier Aff., ¶ 10; Burgess Aff., ¶ 5). Each time, the interview panel and managing supervisor created a matrix that rated each applicant based on established criteria (Collier Aff., ¶ 7). There is no evidence that Defendant departed from its established procedures for making these types of employment decisions. In the two promotion decisions at issue, the top candidates were selected, and Plaintiff was not among the top five candidates (Hodge Aff., ¶¶ 8-9). As long as Defendant articulates a "clear and reasonably specific" non-discriminatory basis for its actions, it has discharged

---

[6] The promotion decision related to the August 14, 2012 posting occurred after Plaintiff filed his EEOC charge.

its burden of production. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 254-55, 101 S. Ct. 1089, 1094, 67 L. Ed. 2d 207 (1981). Defendant has done so.

### C. Plaintiff fails to create a triable issue regarding pretext

"Once the employer identifies a legitimate, nondiscriminatory reason for its decision, the presumption of discrimination disappears, and the burden shifts back to the plaintiff 'to demonstrate that the proffered reason was not the true reason for the employment decision.'" *Holland*, 677 F.3d at 1055 (quoting *Burdine*, 450 U.S. at 256). The employee "cannot recast the reason but must meet it head on and rebut it." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1088 (11th Cir. 2004). Rebuttal evidence must reveal "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could find them unworthy of credence." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997).

A plaintiff will survive summary judgment if he "presents circumstantial evidence that creates a triable issue concerning the employer's discriminatory intent" by presenting evidence "that the decision-maker made discriminatory remarks." However, "these types of remarks are probative only "if they illustrate the *decision-maker's* state of mind at the time that he made the challenged employment decision. On the other hand, stray remarks that are 'isolated and unrelated to the challenged employment decision' are insufficient in this respect." *Aristyld v. City of Lauderhill*, 543 Fed. App'x 905, 908 (11th Cir. 2013) (citations and quotations omitted) (emphasis added).

Plaintiff has offered no evidence that Defendant's legitimate reason was pretext for discrimination. House's statements regarding Plaintiff's hair and appearance do not create a triable issue of Defendant's discriminatory intent. For one, House was not the decision-maker in any of the

8

TCR II promotional decisions. Nor was he Plaintiff's direct supervisor, an interviewer for the TCR II positions, or involved in any other way in the rankings or promotion decisions for this position. Further, there is no evidence the statements were made at or near the time of the decisions. As to Plaintiff's claim that Defendant's reasons for not promoting him were false, he has presented no evidence to create an issue of material fact.[7] Finally, the fact that Plaintiff may have been qualified for a promotion to TCR II does not in and of itself rebut Defendant's proffered non-discriminatory reasons for not selecting him. And, as discussed, he has not shown that he was more qualified than those promoted. As such, Plaintiff fails to establish a triable issue as to pretext.

Accordingly,

Defendant's Motion for Summary Judgment (Dkt. 31) is **GRANTED**. The Clerk is directed to enter final judgment in favor of Defendant Government Employee's Insurance Company d/b/a GEICO and against Plaintiff Girardeau Gantt. The Clerk is further directed to **CLOSE** the file.

**DONE AND ORDERED** this 30th day of May, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
Pro se Plaintiff

---

[7] Likewise, there is no evidence of Collier's "record" of favoring whites.